LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
Email: glafayette@lkclaw.com
BRIAN H. CHUN (State Bar No. 215417)
Email: bchun@lkclaw.com
BARBARA L. LYONS (State Bar No. 173548)
Email: blyons@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendants
PRUDENTIAL FINANCIAL, INC.,
PRUDENTIAL ANNUITIES LIFE ASSURANCE CORPORATION, and
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

BOHM LAW GROUP, INC.
LAWRANCE A. BOHM (State Bar No. 208716)
ZANE E. HILTON (State Bar No. 305207)
DEREK K. ULMER (State Bar No. 318255)
4600 Northgate Boulevard, Suite 210
Sacramento, California 95834
Telephone:    (866) 920.1292
Facsimile:    (916) 927.2046

BOUCHER LAW
ROBERT L. BOUCHER (State Bar No. 244760)
2121 Natomas Crossing Drive, Suite 200-389
Sacramento, California 95834
Telephone:    (916) 974.9756

Attorneys for Plaintiff
JOHN ROITINGER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROITINGER,<br><br>              Plaintiff,<br><br>vs.<br><br>PRUDENTIAL FINANCIAL, INC.;<br>PRUDENTIAL ANNUITIES; PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA,<br>INC. and Does 1 through 50, inclusive,<br><br>              Defendants. | Case No. 2:19-CV-01248-WBS-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(E.D. Cal. L.R. 143)<br><br>Complaint Filed:    June 4, 2019<br>Action Removed:    July 5, 2019 |

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

# **PROTECTIVE ORDER**

The Parties hereby STIPULATE, and the Court, for good cause shown, HEREBY ORDERS, that the following Protective Order is issued to govern certain disclosures in this case:

**1.** **Purpose.**

a. The Parties recognize that preparation for the prosecution and defense of this litigation may require the discovery of certain information and documents that a Party or nonparty reasonably believes are subject to confidentiality limitations on disclosure under applicable laws, regulations and privacy rights. Disclosure of such information without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the Producing Party or a nonparty. Accordingly, and pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c) and other applicable laws and rules, the Parties sought, and the Court entered this Order to facilitate the orderly and efficient discovery of relevant information while adequately protecting material believed to be confidential and ensuring that protection is afforded only to material so entitled.

b. This Order is entered based on the representations and agreements of the Parties. Designating a document or information as Confidential Material does not mean that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Material is entitled to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**2.** **Definitions.**

a. "Confidential Material" means any document, testimony or information that a Designating Party reasonably believes to be entitled to confidential treatment under FRCP 26(c)(1)(G) and that the Party designates as such in accordance with the provisions of this Order. Confidential Materials include, but are not limited to: (i) Protected Data and other information prohibited from disclosure by law; (ii) information that reveals trade secrets (as defined in the Uniform Trade Secrets Act); (iii) documents containing or constituting research and development;

marketing or training information; information about distribution processes; product design; sales strategy; and/or technical, proprietary, commercial or financial information that the party has maintained as confidential; (iv) medical, disability and leave-related-information concerning any individual, protected health information ("PHI") or other private personal information, including but not limited to employment records; (v) personal identifying information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (vii) private records of a person who is not a party to the case; (viii) names, financial information, insurance information and other private information regarding clients; (ix) information concerning competitors; and (x) all material, data and information obtained, derived or generated from Confidential Material, to the extent the same are not publicly available or otherwise subject to the exclusions herein. Information or documents that are available to the public are not Confidential Material and should generally not be designated as such.

b. "Protected Data" refers to any information that a party believes to be subject to federal or state data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); and The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

c. Consistent with FRCP 34, "document" or "documents" shall include documents or electronically stored information ("ESI") – including writings, drawings, graphs, charts, photographs, messages, sound recordings, images and other data or data compilations – stored in any medium.

d. "Testimony" means all depositions, declarations, affidavits or other pre-trial testimony taken or used in this litigation.

e. "Information" means the content of documents or testimony, as well as any matter derived therefrom or based thereon.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

f.      "Copies" includes electronic images, duplicates, extracts, summaries, compilations or descriptions.

g.      "Designating Party" or "Producing Party" means the Party or nonparty that produces and/or designates documents, testimony or information as Confidential Material subject to this Order.

h.      "Receiving Party" means the Party that receives documents, testimony or information designated as Confidential Material subject to this Order.

i.      The term "disclose" and iterations thereof mean to produce, reveal, divulge, give or make available documents, testimony or information.

**3.**      <u>**Scope.**</u>

a.      This Order shall govern all Confidential Material and all copies thereof, whether revealed in a document, testimony or other information.

b.      This Order is subject to the Local Rules of this Court and the FRCP.

c.      This Order shall take effect when entered and shall be binding upon all Parties and their counsel in this litigation; upon the Parties' employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; upon all signatories to Attachment A and (as applicable) their employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; and upon all others made subject to this Order by its terms.

d.      If additional parties other than parents, subsidiaries or affiliates of current Parties are added to this litigation, their ability to receive Confidential Material will be subject to their being bound, by agreement or Court Order, to this Order.

e.      Subject to the consent of the undersigned counsel, nonparties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

f.      The entry of this Order does not preclude any Party from seeking further order from this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

**4.** **Designations of Confidential Material.**

a. Procedure for Documents. A Designating Party may designate a document as Confidential Material by placing or affixing the words "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" on the document and on all copies. Such markings shall be placed in a manner that will not interfere with the legibility of the document. Any copies made of Confidential Material shall also be appropriately marked.

b. Written Pleadings, Motion Papers and Discovery Materials. A Party may designate as Confidential Material portions of interrogatories and interrogatory answers, requests for admissions and the responses to such requests, requests for production of documents and things and responses to such requests, pleadings, motions, affidavits and briefs that quote, summarize or contain Confidential Material.

c. Procedure for Other Confidential Material. With respect to Confidential Material produced in some form other than as described above, including, without limitation, CDs, DVDs or other tangible items, the Producing Party must affix in a prominent place on the exterior of the media, if possible, and/or containers in which the information or items are stored the legend "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**."

d. Redactions. A Producing Party may redact information that the Producing Party claims is subject to attorney-client privilege, work product protection, a legal prohibition against disclosure or other applicable privilege or immunity. A Producing Party may also redact personal identifying information and other information that is non-responsive. The Producing Party shall preserve an un-redacted version of each redacted item. In addition to the foregoing, Protected Data shall be redacted from any public filing not filed under seal.[1]

e. Nonparty Productions. With respect to documents or information produced by a nonparty, either the nonparty or a Party may designate the documents or information as Confidential Material pursuant to this Order. A Party so designating material produced by a

---

[1] A party seeking to file pleadings, document, or exhibits containing redactions must comply with Local Rule 140. That rule prohibits redactions—except redactions of certain personal data identifiers—absent a court order authorizing the redaction. E.D. Cal. L.R. 140.

nonparty shall notify all other Parties within 30 days of receipt of such documents or information that the same or portions thereof constitute or contain Confidential Material. Until the expiration of 30 days, such documents or information disclosed by any such nonparty shall be treated as Confidential Material under this Order.

f. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document, testimony or information as Confidential Material in this litigation or any other proceeding does not, standing alone, waive the right to subsequently so designate the document, testimony or information. The disclosure of Confidential Material without the proper designation (whether inadvertent or otherwise) shall be governed by paragraph 24 of this Order.

g. <u>Inspection of Materials Prior to Production</u>. In the event documents or information are made subject to inspection prior to their production, no marking of those materials need be made by the Producing Party at the time of that inspection. For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Material and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the Producing Party wishes those materials to be considered Confidential Material under this Order, the Producing Party shall so designate them in accordance with the procedures set forth in this Order.

h. <u>Certification by Counsel or Party</u>. A Party's designation of Confidential Material is made pursuant to FRCP 26(g), and each Party and its counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

**5.** <u>**Depositions.**</u>

a. Deposition testimony and/or exhibits are protected by this Order if either of the following actions are taken with respect to that testimony and/or exhibits:

i. The testimony or exhibit(s) may be designated as Confidential Material on the record at the deposition. Such designation shall be specific as to the portions that contain Confidential Material; or

ii. Within 30 days of the delivery of the final deposition transcript, a

**L A F A Y E T T E & K U M A G A I  L L P**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

Designating Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript and/or exhibits that constitute Confidential Material. Until the expiration of the 30-day period, the deposition testimony, transcript and all exhibits, each in their entirety, shall be treated as Confidential Material under this Order.

b. When a Party designates testimony as Confidential Material during the deposition, the Designating Party may exclude from the deposition all persons who are not Qualified Persons under this Order.

c. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be identified in the transcript as "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" and those portions will be treated as Confidential Material in accordance with the provisions of this Order.

d. During depositions, Confidential Material may be used or marked as exhibits but shall remain subject to this Order and may not be shown to the witness unless such witness is a Qualified Person.

6. **Protection of Confidential Material.**

a. Except as specifically provided in this Order, the Receiving Party and its counsel shall keep all Confidential Material disclosed to them within their exclusive possession and control, shall make reasonable efforts to maintain the confidentiality of such Confidential Material, and shall not permit unauthorized disclosure of Confidential Material.

b. Except as specifically provided in this Order, Confidential Material shall not be used or disclosed by the Parties, counsel for the Parties or any Qualified Persons for any purpose whatsoever other than as required for the preparation of any trial (or appeal thereof) in this litigation.

c. Access to and disclosure of Confidential Material shall be limited to those persons designated as Qualified Persons. Any Qualified Person to whom Confidential Material is disclosed shall not disclose by any means any Confidential Material other than as permitted by this Order.

d. Confidential Material shall not be used for any business, competitive or other

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

non-litigation purpose without the express written consent of the Designating Party or by order of the Court.

        i.      Nothing in this Order shall limit any Producing Party's use of its own documents, testimony or information, nor shall this Order prevent any Producing Party from disclosing its own Confidential Material to any person for any purpose.

        ii.      Disclosures described in paragraph 6.d shall not affect any designation made pursuant to the terms of this Order so long as the disclosures are made in a manner that is reasonably calculated to maintain the confidentiality of Confidential Material.

        e.      The Receiving Party shall maintain Confidential Material in a secure and safe area and shall take necessary and reasonable measures to ensure that any such Confidential Material, or notes and memoranda relating thereto, not be disclosed other than in accordance with the terms of this Order. To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, unless otherwise ordered or agreed upon in writing by the Producing Party, all Qualified Persons with access to Confidential Material shall comply with the following:

        i.      They shall use secure means to store and transmit Confidential Material.

        ii.      They shall be prohibited from storing or transmitting any Confidential Material in or via any online or web-based storage location or service managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support service provider with a secure domestic document hosting facility that uses encrypted web-enabled software that allows for the secure and protected sharing of and collaboration regarding the Confidential Material among only Qualified Persons and that does not employ so-called "cloud computing" services.

        iii.      Notwithstanding the foregoing provision, Qualified Persons shall not be prohibited from transmitting files containing Confidential Material to any other Qualified Person through email, as attachments to an email in the form of separate PDF files or zip files, through tools provided by a reputable litigation support service as described herein, or via FTP

STIPULATED PROTECTIVE ORDER      Case No. 2:19-CV-01248-WBS-EFB

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

file transfer, as long as the person transmitting the Confidential Material takes necessary and reasonable measures to protect its confidentiality.

f.    In the event that Confidential Material is disclosed to any person other than in the manner authorized by this Order, the Party or nonparty responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality. The Party or nonparty responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent further disclosure of Confidential Material.

7.    **Qualified Persons with Respect to Confidential Material.**

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any person or entity except the following Qualified Persons:

a.    When produced by any Defendant in this litigation, all other Defendants; Defendants' inside and outside attorneys and their employees and agents; Defendants' insurers, if any; Defendants' employees; and the Plaintiffs and their attorneys in this litigation.

b.    When produced by any Plaintiff in this litigation: all Defendants; Defendants' inside and outside attorneys and their employees and agents; and Defendants' insurers.

c.    With respect to Qualified Persons encompassed by sub-paragraphs 7.a and 7.b, the attorneys' employees and agents include, but are not limited to, paralegals, clerical support staff and outside vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters; litigation support personnel; jury consultants; individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom, depositions or mock jury sessions, as well as their staff; and stenographic and clerical employees whose duties and responsibilities require access to such materials.

d.    The Court and its personnel, including any Special Master appointed by the Court, court reporters and members of their staffs (including persons operating video recording equipment at depositions and persons preparing transcripts of testimony, to the extent necessary to

prepare such video recordings and transcripts).

     e.     Consultants, investigators, advisors, experts, including persons directly employed by them (collectively "Consultants") whose assistance is necessary to the Parties' or their counsel's preparation for trial in this action, whether or not the Consultant is designated as an expert and retained to testify, with disclosure subject to the following qualifications:

     i.     Disclosure shall not be made to any Consultant who, as described in paragraph 8, is employed by or a consultant to a Competitor;

     ii.     Disclosure shall not be made to any Consultant if counsel for the Party retaining that Consultant has actual knowledge that the Consultant has been found to have violated the terms of a protective order in any litigation or legal proceeding;

     iii.     Disclosure shall be limited to the extent necessary to perform their work in connection with this litigation; and

     iv.     Any Consultant to whom disclosure of Confidential Material is authorized must complete the certification contained in Attachment A.

     f.     A witness identified in the Confidential Material as an author, source or recipient of the Confidential Material or who already has a copy of the Confidential Material obtained without violation of this Protective Order.

     g.     Any mediators or arbitrators selected to assist in resolution of this litigation and their personnel who are actively engaged in assisting them with matters relating to this litigation.

     h.     Other persons only by written consent of the Producing Party or upon order of the Court and provided that such person has completed the certification contained in Attachment A and has satisfied such additional conditions as may be agreed upon or ordered.

**8.**     **<u>Non-Disclosure to Competitors.</u>**

Notwithstanding the foregoing, without express written consent or Court Order, in no event shall any disclosure of a Defendant's Confidential Material be made to any known Competitor or to any person who, upon reasonable inquiry, could be determined to be a current officer, director, employee of or consultant for a Competitor irrespective of whether such person

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

is retained as an expert in this litigation. A "Competitor," in the context of this litigation, shall mean any company involved in the sale or provision of insurance, annuities or retirement products, or any current officer, director, employee or consultant of such entity.

**9.     No Greater Protection of Specific Documents.**

Except on grounds of privilege, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

**10.     Challenges by a Party to Designation of Confidential Material.**

The designation of any document, testimony or information as Confidential Material is subject to challenge by any Party. The following procedure shall apply to any such challenge.

a.     If any Party ("Objecting Party") contends that any document, testimony or information has been erroneously or improperly designated as Confidential Material ("contested material") the contested material shall be treated as designated until:

i.     The Parties, including any third party Designating Party, reach a written agreement as to whether the contested material is to remain designated as Confidential Material or will be de-designated;

ii.     The Court issues an order determining whether the contested material is to remain designated as Confidential Material or is to be de-designated; or

iii.     The Designating Party fails to file the motion described below.

b.     In the event that the Objecting Party objects to a confidentiality designation, it shall advise the Designating Party and each other Party, in writing, of such objections, the specific material (identified by Bates number) to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").

c.     The Designating Party shall have 30 days from receipt of the written Designation Objections to respond in writing ("written response") as to whether the designations will be maintained or withdrawn.

d.     If the Designating Party does not de-designate the challenged material, the Objecting Party and the Designating Party shall (within 30 days of mailing of the written

STIPULATED PROTECTIVE ORDER                    Case No. 2:19-CV-01248-WBS-EFB

response) meet and confer in good faith, by phone or in-person, to discuss the Designation Objections and attempt to resolve the dispute ("the meet and confer"). The meet and confer obligations under this Order shall not be satisfied only by written exchanges.

   e.   If, after meeting and conferring in good faith, the Designating Party and the Objecting Party are unable to resolve the dispute regarding the designation of Confidential Material subject to any or all of the Designation Objections, the Designating Party may, within 10 days of the meet and confer, file a motion with the Court seeking an order confirming that the Confidential Material subject to the Designation Objections (the "Designation Motion") is "Confidential Material" as that term is defined in Paragraph 2.a of this Stipulated Protective Order.

      i.   Each such motion must identify the contested material; set forth in detail the basis for the designation and the substance of the challenge; and be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order.

      ii.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

      iii.   Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Material under the terms of this Order.

      iv.   The briefing schedule for the designation motion will be in accordance with the Court's Standing Orders and Local Rule 230.

      v.   Each such motion and opposition shall be accompanied by a motion for leave to file under seal, pursuant to Local Rule 141.

   f.   Should the Designating Party fail to file the Designation Motion within the time allotted, the contested material automatically loses its confidential designation.

   g.   If the contested material loses its Confidential Material designation by any means, any Party may immediately redact such marks on the contested material and use the contested material as if it had never been designated.

   h.   Once a document has been de-designated as confidential, it may not be re-designated as Confidential Material for any reason without a Court order.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

The dates set forth in this section may be modified by stipulation in writing or on the record during an official proceeding, including court hearings and depositions.

**11.** **Privilege Claims.**

a. For documents or information withheld from production pursuant to a claim of attorney-client privilege, work product protection or other applicable privilege or immunity ("privileged documents"), the Producing Party shall provide one or more privilege logs, in Excel or a similar electronic form that allows text searching and organization of data. The privilege log shall be provided reasonably soon following the designation of ESI as privileged or work product and under the terms of the ESI protocol (including the use of categorical logs).

b. For a chain of privileged emails, the Producing Party need include only one entry on the privilege log for the entire email chain and need not separately log each email contained in the chain.

c. The Producing Party is not required to include in its privilege logs (1) privileged communications with outside counsel whose representation is relevant to the subject matter of this litigation, or (2) redactions from produced documents.

**12.** **Challenges to Privilege Assertions.**

a. If at any time a Receiving Party wishes to dispute a privilege designation, the Receiving Party shall notify the Producing Party of such dispute in writing ("Dispute Notice"), identifying by Bates numbers the specific document(s) in dispute and providing an explanation of the basis of the dispute with regard to each such document.

b. The Producing Party shall have 30 days from receipt of the Dispute Notice to respond in writing stating whether the privilege designation(s) will be maintained or withdrawn.

c. If the Producing Party does not de-designate the privilege designation(s) at issue, the Parties shall meet and confer in good faith, by phone or in-person, to discuss the Dispute Notice and attempt to resolve the dispute.

d. If, after meeting and conferring in good faith, the Parties are unable to resolve the dispute regarding the privilege designation(s), the Receiving Party may file a motion

STIPULATED PROTECTIVE ORDER     Case No. 2:19-CV-01248-WBS-EFB

with the Court challenging to the privilege designation(s).

        i.      Each such motion must identify the challenged privilege designation(s); set forth the basis for the challenge; and be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order.

        ii.     The burden of persuasion that the material is entitled to protection shall be

        iii.    on the Producing Party.

        iv.    The briefing schedule for the privilege designation challenge motion will be in accordance with the Court's Standing Orders and Local Rule 230. In that regard, the Producing Party shall have 14 days prior to the scheduled (or continued) hearing date to file any opposition, and the Receiving Party shall waive its right to file a reply brief.

        v.     The times allotted under this paragraph 12 for the filing of briefs associated with a privilege challenge shall not be shortened except upon a showing of good cause.

**13.**   **Action by the Court.**

Applications to the Court for an order relating to documents or information designated as Confidential Material or to materials over which a privilege has been claimed shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents or information produced in discovery or at trial.

**14.**   **Filing of Under Seal.**

This Order does not, standing alone, authorize the filing of any document or information under seal. Any party wishing to file a document or information under seal must comply with Local Rule 141.

**15.**   **Use of Confidential Material in Court Prior to Trial.**

The Parties will use the following procedure, absent further Court Order, for disclosing Confidential Material to the Court prior to trial.

        a.     Confidential Material is not to be filed with the Court except when required in connection with motions or other matters pending before the Court.

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

L A F A Y E T T E   &   K U M A G A I   L L P
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

b.      Confidential Material may be referenced in written discovery requests and responses, and in motions, briefs or other court filings, as necessary in connection with a permitted purpose, provided that the Party filing any motion, brief or other paper with the Court shall redact or otherwise exclude from the filing any non-essential Confidential Material. The Party filing any motion, brief or other paper referring to or containing Confidential Material that has not been redacted shall move to file such motion, brief or other paper under seal, pursuant to Local Rule 141.

c.      To the extent nonparty Confidential Material is used, the Parties must notify the Producing Party of such use.

**16.      Use of Confidential Material at Trial or Evidentiary Hearing.**

Nothing in this Order shall be construed to affect the use of any document, testimony or information at any trial or evidentiary hearing. A Party who intends to present or who anticipates that another Party may present Confidential Material at an evidentiary hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Material. The Parties shall meet and confer regarding the procedures for use of such Confidential Material at trial or any evidentiary hearing and, if necessary, shall move the Court for entry of an appropriate order. The Court may make such orders as are necessary to govern the use of such Confidential Material at trial(s) or evidentiary hearing(s).

**17.      Confidential Material Requested, Subpoenaed or Ordered by Other Entities or Persons.**

a.      If another court, an administrative agency, a legislative body or any other person or organization requests, subpoenas or orders the disclosure of Confidential Material from any Party or person that has obtained such material under the terms of this Order, the Party or person so requested, subpoenaed or ordered must notify the Designating Party, in writing, immediately and in no event more than three (3) court days after receiving the request, subpoena or order or fewer than 10 days prior to disclosing any Confidential Material. Such notification must include a copy of the request, subpoena or order. The recipient of the request, subpoena or

STIPULATED PROTECTIVE ORDER                    Case No. 2:19-CV-01248-WBS-EFB

**L A F A Y E T T E   &   K U M A G A I   L L P**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

order shall not disclose any Confidential Material pursuant to the request, subpoena or order prior to the date specified for production in the request, subpoena or order.

   b.  The Party or person so requested, subpoenaed or ordered also must immediately inform, in writing, the person or entity that issued the request, subpoena or order that some or all of the material covered by the request, subpoena or order is the subject of this Order. In addition, the Party or person so requested, subpoenaed or ordered must deliver a copy of this Order promptly to the person or entity that issued the request, subpoena or order.

   c.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena or order; otherwise oppose the disclosure of the Confidential Material; or seek to obtain confidential treatment of such Confidential Material, to the fullest extent available under law, by the person or entity issuing the request, subpoena or order. The Party or person who received the request, subpoena or order shall not oppose or otherwise interfere with the Producing Party's effort to quash or limit the request, subpoena or order and shall cooperate, to the extent reasonably possible, with the Producing Party in any proceeding relating thereto.

   d.  Nothing in these provisions should be construed as authorizing or encouraging any Party or person to disobey a lawful directive from another court or authority.

   e.  The obligations set forth in this paragraph remain in effect for as long as any Party or person has Confidential Material (as designated by another Party or nonparty) in its possession, custody or control.

  **18.**  **Designation of Documents Produced By Nonparties.**

   a.  Upon production of any materials by any nonparty in this litigation, the Receiving Party shall promptly provide a copy of the materials to each other Party and, absent agreement to the contrary, shall allow each Party 30 days after the Party's receipt of the materials to make appropriate designations under this Order before disclosing the materials to anyone other than counsel.

   b.  Any Party may, either within this 30-day period or thereafter as appropriate, designate as Confidential Material any document or information that is disclosed by any nonparty,

STIPULATED PROTECTIVE ORDER     Case No. 2:19-CV-01248-WBS-EFB

L A F A Y E T T E   &   K U M A G A I   L L P
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

provided that such document or information contains the Confidential Material of the Designating Party. Following any such designation, the Designating Party shall be treated as having produced the designated documents or information for purposes of all protections and limitations on use under this Order.

**19.** **Obligations upon Conclusion of Litigation.**

a. Order Continues in Force. After the termination of this litigation by entry of a final judgment or order of dismissal, this Order shall remain in force unless otherwise agreed upon or ordered. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents and their attorneys. The Parties agree that the terms of this Order shall be interpreted and enforced by this Court.

b. Disposition of Confidential Material.

i. Upon the request of the Producing Party after the final conclusion of this litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the Receiving Party shall make a reasonable effort to return all Confidential Material to the Producing Party, destroy it or otherwise comply with an applicable order of the Court, subject to the exception described herein.

ii. The return or destruction of Confidential Material under this paragraph shall include, without limitation, all copies thereof.

iii. Within 60 days of receipt of a written request for certification, the Parties shall certify that all Confidential Material required to be returned or destroyed has been so returned or destroyed.

iv. As an exception to the above requirements, and unless otherwise ordered by the Court, counsel may retain: (1) copies of pleadings or other papers that have been filed with the Court and that are Confidential Material or that reflect, reference or contain Confidential Material; (2) documents bearing the notations, summations, or other mental impressions (*i.e.*, attorney work product); (3) official transcripts and exhibits thereto; and (4) materials required to be retained by other laws, rules or regulations, including those of the California State Bar Association, the California Court of Appeal, and the California Supreme

Court.  Any retained Confidential Material shall continue to be protected under this Order.  An

2  attorney may use his or her own work product in subsequent litigation, provided that its use does

3  not disclose or use Confidential Material or otherwise violate this Order.

4  ~~e.        Deletion of Documents Filed under Seal from Electronic Case Filing (ECF)~~

5  ~~System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.~~

6  **20.        Order Subject to Modification.**

7        This Order shall be subject to modification by the Court on its own initiative or on motion

8  of a Party or any other person with standing concerning the subject matter**.**

9  **21.        <u>No Waiver of Privilege or Protection.</u>**

10        a.        In discovery in this lawsuit, the Parties have agreed that they do not intend to

11  disclose information subject to a claim of attorney-client privilege or attorney work product

12  protection.

13        b.        Whether inadvertent or otherwise, the disclosure of any information or

14  document that is subject to a claim of attorney-client privilege or work product protection

15  ("Privileged or Protected Information or Documents") will not be deemed to waive a Party's

16  claim to its privileged or protected nature – either as to specific information or documents or as to

17  the same or related subject matter – in this litigation or in any other federal court, state court or

18  arbitration proceeding.  Additionally, the disclosure of Privileged or Protected Information or

19  Documents will not estop a Party or the privilege holder from designating the information or

20  document at a later date as attorney-client privileged, subject to the work product doctrine or

21  subject to this Order.

22        c.        If a Receiving Party believes or reasonably should believe that it has

23  received another Party's Privileged or Protected Information or Documents, the Receiving Party

24  shall immediately notify the Producing Party, identifying by Bates number the specific

25  information or documents believed to be Privileged or Protected Information or Documents.

26        d.        Any party receiving Privileged or Protected Information or Documents shall

27  return or destroy them upon request from the Producing Party.  Upon receiving such a request as

28  to specific Privileged or Protected Information or Documents, the Receiving Party shall return to

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

**L A F A Y E T T E   &   K U M A G A I   L L P**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

the Producing Party or destroy the Privileged or Protected Information or Documents within 5 business days, regardless of whether the Receiving Party agrees with the claim. After receiving such a request for return or destruction of Privileged or Protected Information or Documents, the Receiving Party shall not copy, distribute or otherwise use in any manner the Privileged or Protected Information or Documents. Further, the Receiving Party shall instruct all persons to whom the Receiving Party has disclosed the Privileged or Protected Information or Documents that the Privileged or Protected Information or Documents are subject to this Order and must be returned or destroyed.

  e.  Should any motion be filed concerning the Privileged or Protected Information or Documents, the moving party shall not assert in support of such motion the fact or circumstances of the disclosure, whether inadvertent or otherwise.

  f.  Paragraph 21 and its subparts shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502 and shall be enforceable and grant full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

  **22.**  **<u>No Waiver of Confidentiality.</u>**

  a.  Disclosure of any document, testimony or information without the required confidentiality designation, whether inadvertent or otherwise, that the Producing Party intended to designate as Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter.

  b.  In the event that a Producing Party makes such a disclosure, it shall contact the Receiving Party as promptly as reasonably possible after discovery of the disclosure and inform the Receiving Party in writing of the specific material at issue.

  c.  Upon receipt of such notice, the Receiving Party shall treat the material identified in the notice as Confidential Material until (i) the Parties agree to non-confidential treatment of the subject material, or (ii) the Court, on motion of any Party, issues an order

STIPULATED PROTECTIVE ORDER      Case No. 2:19-CV-01248-WBS-EFB

addressing the appropriate treatment of the subject material.

d.      Within 5 business days of receiving such notice, the Receiving Party must return or destroy all copies of such Confidential Material and provide a certification that all such Confidential Material has been returned or destroyed. The Receiving Party shall notify every person or entity that received copies of or access to the material identified in the notice that such material contains Confidential Material and must be returned or destroyed. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Material.

e.      The Producing Party shall thereafter re-produce the Confidential Material with the appropriate legend.

f.      Should any motion be filed concerning the Confidential Material at issue, the moving party shall not assert in support of such motion the fact or circumstances of the disclosure, whether inadvertent or otherwise.

g.      Paragraph 22 and its subparts shall be interpreted to provide the maximum protection allowed under applicable law.

23.     **No Effect on Other Rights or Obligations.**

a.      This Order shall not enlarge or affect the proper scope of discovery in this litigation or any other proceeding. Each Party reserves the right to object to any disclosure of Confidential Material on any ground it may deem appropriate, including but not limited to third party privacy rights protected by the California Constitution and other applicable law.

b.      Nothing contained herein is intended to or shall limit a Party's right to conduct a review of documents or information (including metadata) for relevance, responsiveness and/or segregation of privileged or protected information before production.

c.      Nothing herein shall be construed as an admission or concession by any Party that Confidential Material, or any document, testimony or information derived from or based upon Confidential Material, constitutes material, relevant or admissible evidence.

24.     **Violation.**

Any violation of this Order may subject the offending person to such sanctions and

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600

remedies as the Court may deem appropriate, including, and without limitation, contempt, injunctive relief, and/or damages.

WE SO MOVE and agree to abide by the terms of this Order,

Respectfully submitted,

Dated: February 6, 2020

BOUCHER LAW

*Signed by permission:*

By: */s/ Robert L. Boucher*
      Robert L. Boucher
Attorney for Plaintiff JOHN ROITINGER

Dated: February 6, 2020

LAFAYETTE & KUMAGAI LLP

By: */s/ Barbara L. Lyons*
      Barbara L. Lyons
Attorneys for Defendants
PRUDENTIAL FINANCIAL, INC.,
PRUDENTIAL ANNUITIES LIFE
ASSURANCE CORPORATION, and
THE PRUDENTIAL INSURANCE OF
AMERICA

## ORDER

The parties having so stipulated, and good cause appearing therefor,

IT IS SO ORDERED.

DATED: March 11, 2020.

Hon. Edmund F. Brennan
CHIEF UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the Order and understands that the terms of the Order obligate him/her to use Confidential Material solely for the purposes of the above-captioned action, and to not disclose any such Confidential Material to any other person, firm or entity, except in accordance with the provisions of the Order.

The undersigned certifies that he/she is not a Competitor, as defined in paragraph 8 of the Order, is not currently employed by a Competitor, is not a consultant for a Competitor, and is not otherwise contracted with a Competitor.

The undersigned acknowledges that his/her obligation to honor the confidentiality of Confidential Material will continue even after the conclusion of the above-captioned action.

The undersigned acknowledges that violation of the Protective Order may result in sanctions or other remedies, including, but not limited to, contempt, injunctive relief and damages.

Name (Printed): _____

Job Title: _____

Employer: _____

Business Address: _____

Signature: _____

Date: _____

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600